## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

**JAN SUMMERTON,**
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,

      v.                                                **CASE NO: 23-cv-238-wmc**


**GOLDCO DIRECT LLC.,**
      Defendant.
_____

### ORDER PRELIMINARILY APPROVING CLASS ACTION
### SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

      Plaintiff Jan Summerton ("Plaintiff") and Defendant Goldco Direct LLC ("Defendant") (Plaintiff and Defendant collectively referred to as, the "Parties") have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through extensive negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

      The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). (Dkt. #54.) Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court shall preliminarily approve the settlement subject to the following modification to the Settlement's "Claim Review Process," on page 25 of the

Settlement.  Specifically, the sentence beginning "Any Settlement Class Member's failure to provide any of the required affirmations or information . . ." shall be modified to read:

> **Any Settlement Class Member's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and the Administrator shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim, *except* that technical noncompliance of a Settlement Class Claimant's obligations shall not be grounds to reject a Claim, unless the Settlement Class Claimant is given an opportunity to correct the Claim Form.[1]**

Subject to this modification, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct

---

[1] If the Parties cannot accept this modification, they should contact the court promptly.

a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.      The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.      Venue is proper in this District.

## I.      Provisional Class Certification and Appointment of Class Representative and Class Counsel

4.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial,

since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.      The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> **All persons in the United States who, during the four years prior to the filing of this case (1) received more than one text message from Defendant or anyone on Defendant's behalf during any 12-month period; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; (3) whose number was listed on the National Do-Not-Call Registry when the messages were received; and (4) who did not re-opt in to receive text messages prior to receipt of the text messages.**

Excluded from the Settlement Class are: (1) the trial judge and magistrate judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, members, managers, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) Plaintiff's Counsel, their employees, and their immediate family.

6.      Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)      <u>Numerosity</u>: In the Action, approximately 19,280 persons received violative text messages from Defendant. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b)      <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)      <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendants practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)      <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule

23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)     <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover,

each member of the Settlement Class has claims that arise from the same or similar alleged Defendant's practices as well as the same legal theories.

7.    The Court appoints Plaintiff, Jan Summerton, as Class Representative.

8.    The Court appoints the following people and firms as Class Counsel: Manuel S. Hiraldo of Hiraldo P.A; and Michael Eisenband of Eisenband Law, P.A.

9.    The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## II.    <u>Preliminary Approval of the Settlement</u>

10.    At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length

negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

## III.    Approval of Class Notice and the Claims Process

12.     The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form attached thereto. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class

Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13.    Simpluris shall serve as the Administrator.

14.    The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, E-Mail Notice, Mail Notice, and Long-Form Notice, as set forth in the Settlement and below.

*Mail Notice*

15.    The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than 45 days after the entry of this order.

*Email Notice*

16.    The Administrator shall administer Email Notice as set forth in the Settlement. Email Notice shall be completed no later than 45 days after the entry of this order.

*Settlement Website*

17.    The Administrator shall establish a Settlement Website as a means for

Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website shall include to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

18.    The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

## IV.    Final Approval Hearing, Opt-Outs, and Objections

19.    A Final Approval Hearing shall be held before this Court on **March 26, 2026, at 11:00 a.m.** to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

20.    Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is seventy-five (75) days after Preliminary Approval ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

21.     Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than seventy-five (75) days after Preliminary Approval, as set forth in the Notice. To be valid, an objection must include the following information:

a.  the name of the Action;

b.  the objector's full name, address, and telephone number;

c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g.  a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.  any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

l.  true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection; and

m.  the objector's signature (an attorney's signature is not sufficient).

**V.**    **Further Papers in Support of Settlement and Attorney's Fee Application**

22.    Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application, costs and request for a Service Award for Plaintiff, no later than sixty (60) days after Preliminary Approval.

23.    Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than than ninety (90) days after Preliminary Approval.

**VI.**    **Effect of Failure to Approve Settlement**

24.    If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law;

(c)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither

the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence; and

        (d)       Any portion of the Gross Settlement Fund remaining, shall be returned to Defendant.

<u>Stay/Bar of Other Proceedings</u>

25.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

26.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Timeline |
|---|---|---|
| Deadline for Completion of Notice | | 45 days after entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a Service Award | | 60 days after entry of the Preliminary Approval Order |

| | | |
|---|---|---|
| Deadline for opting-out of the Settlement and for submission of Objections | | 75 days after entry of the Preliminary Approval Order |
| Deadline for Responses to Objections | | 90 days after entry of the Preliminary Approval Order |
| Final Approval Hearing | Via Zoom video conference on **March 26, 2026, at 11:00 a.m.** | Approximately 100 days after entry of Preliminary Approval Order |
| Last day Class Claimants may submit a Claim Form | | 15 days after the Final Approval Hearing |

**DONE and ORDERED** in Madison, Wisconsin, this 11th day of December, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

Copies furnished to: Counsel of Record