**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

**CASE NO: 3:23-cv-00238-CONLEY/Boor**

**JAN SUMMERTON,**
individually and on behalf of all
others similarly situated,                                             **CLASS ACTION**

      Plaintiff,

v.                                                                                                **Honorable William M. Conley**

**GOLDCO DIRECT LLC,**

      Defendant.
_____/

**BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR**
**ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**

## **TABLE OF CONTENTS**

I.    BACKGROUND ...................................................................................................................1

II.   SUMMARY OF THE SETTLEMENT...............................................................................2

III.  LEGAL STANDARD ..........................................................................................................3

IV.   ARGUMENT........................................................................................................................5

      A.    The Requested Fee is Reasonable............................................................................5

            1.    The Market Rate for TCPA Class Actions Supports Awarding the Requested Fee..............................................................................................................5

            2.    Class Counsel Faced a Significant Risk of Non-Payment...........................6

            3.    Class Counsel Achieved a Favorable Result for the Class ..........................8

            4.    The Stakes of this Case Support Class Counsel's Fee Request ...................9

            5.    A Lodestar Cross-Check Confirms that the Requested Fee is Reasonable .................................................................................................10

      B.    Plaintiff's Request for a $7,500 Incentive Award is Appropriate and Justified .....12

      C.    Class Counsel's Request for Reimbursement of Litigation Costs and Expenses is Appropriate and Justified ...................................................................................13

V.    CONCLUSION..................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Agne v. Papa John's Int'l, et al.*,
No. 2:10-cv-01139, ECF No. (W.D. Wash.) ........................................................................9

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ........................................................................13

*Aranda v. Caribbean Cruise Line, Inc.*,
2017 WL 1369741 (N.D. Ill. Apr. 10, 2017) ........................................................................6

*Arthur v. Sallie Mae, Inc.*,
2012 WL 4075238 (W.D. Wash. Sept. 17, 2012)................................................................9

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980)............................................................................................................4

*Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*,
2017 WL 5724208 (S.D. Ill. Apr. 26, 2017)........................................................................8

*Charvat v. Valente*,
2019 U.S. Dist. LEXIS 187225 (N.D. Ill. Oct. 28, 2019)....................................................5

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
2008 WL 11234103 (N.D. Ga. Mar. 4, 2008)................................................................ 9-10

*Cook v. Niedert*,
142 F.3d 1004 (7th Cir. 1998) ..............................................................................2, 11, 12

*Cubbage v. The Talbots, Inc. et al.*,
No. 2:09-cv-00911, ECF No. 114 (W.D. Wash.) ................................................................9

*Domann v. Summit Credit Union*,
2020 U.S. Dist. LEXIS 64152 (W.D. Wis. Apr. 13, 2020) ............................................1, 4, 11

*Eisenband v. John C. Heath*,
Case No. 1:18-cv-24407-AMC (S.D. Fla. Apr. 16, 2020)................................................11

*Florin v. Nationsbank, N.A.*,
34 F.3d 560 (7th Cir. 1994) ............................................................................... 6-7, 11

*Heekin v. Anthem, Inc.*,
2012 WL 5878032 (S.D. Ind. Nov. 20, 2012) ................................................................9

*Holloway v. Kohler Co. & Kohler Co. Pension Plan*,
　　2024 U.S. Dist. LEXIS 224886 (E.D. Wis. Dec. 12, 2024)...................................................4

*In re Advoc. Aurora Health Pixel Litig.*,
　　2024 WL 3357730 (E.D. Wis. July 10, 2024) ...................................................................4

*In re Capital One TCPA Litig.*,
　　80 F. Supp. 3d 781 (N.D. Ill. Feb. 15, 2015) .................................................................5, 8

*In re Immune Response Sec. Litig.*,
　　497 F. Supp. 2d 1166 (S.D. Cal. 2007)...........................................................................13

*In re Linerboard Antitrust Litig.*,
　　2004 WL 1221350 (E.D. Pa. Jun. 2, 2004)........................................................................2

*In re Rent- Way Sec. Litig.*,
　　305 F. Supp. 2d 491 (W.D. Pa. 2003)..............................................................................13

*In re Synthroid Mkt. Litig.*,
　　264 F.3d 712 (7th Cir. 2001) ......................................................................................3, 12

*In re Trans Union Corp. Privacy Litig.*,
　　629 F.3d 741 (7th Cir. 2011) ...........................................................................................6

*In re TikTok, Inc., Consumer Priv. Litig.*,
　　617 F. Supp. 3d 904 (N.D. Ill. 2022) ...............................................................................4

*Jewell v. HSN, Inc.*,
　　2020 U.S. Dist. LEXIS 150034 (W.D. Wis. Aug. 18, 2020)...............................................5

*Johnson v. Meriter Health Servs. Employee Ret. Plan*,
　　2015 U.S. Dist. LEXIS 158859 (W.D. Wis. Jan. 5, 2015) ........................................... 1, 11-12

*Johnson v. Moss Bros. Auto Group, Inc.*,
　　Case No. 5:19-cv-02456-FMO-SP (C.D. Cal. June 24, 2022) ...........................................11

*Johnson v. Navient Solutions, Inc.*,
　　No. 1:15-CV-0716-LJM, ECF No. 177 (S.D. Ind. July 13, 2017) ...............................8, 13

*Johnson v. NPAS Solutions, LLC*,
　　2017 WL 6060778 (S.D. Fla. Dec. 4, 2017).....................................................................9

*Jones v. I.Q. Data Int'l, Inc.*,
　　2015 WL 5704016 (D.N.M. Sept. 23, 2015) ...................................................................13

*Kolinek v. Walgreen Co.*,
311 F.R.D. 483 (N.D. Ill. 2015)................................................................................4, 5, 6, 8

*Lanteri v. Credit Protection Ass'n L.P.*,
2017 WL 3621299 (S.D. Ind. Aug. 22, 2017) ...................................................................7

*Leung v. XPO Logistics, Inc.,*
326 F.R.D. 185 (N.D. Ill. 2018) ...................................................................................5, 8

*Malta v. Fed. Home Loan Mortg. Corp.*,
2013 WL 444619 (S.D. Cal. Feb. 5, 2013).........................................................................9

*Martin v. Dun & Bradstreet, Inc.*,
2014 WL 9913504 (N.D. Ill. Jan. 16, 2014).......................................................................6

*Mathur v. Bd. of Trs. of S. Ill. Univ.*,
317 F.3d 738 (7th Cir. 2003) ...........................................................................................10

*Ott v. Mortg. Investors Corp. of Ohio, Inc.*,
2016 WL 54678 (D. Or. Jan. 5, 2016) ...............................................................................9

*Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*,
311 F.R.D. 688 (S.D. Fla. 2015)......................................................................................10

*Prater v. Medicredit, Inc.*,
2015 U.S. Dist. LEXIS 167215 (E.D. Mo. Dec. 7, 2015) .................................................13

*Rose v. Bank of Am. Corp.*,
2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ...................................................................9

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) .................................................................................8

*Sheean v. Convergent Outsourcing, Inc.*,
No: 2:18-cv-11532-GCS-RSW (E.D. Mich. Nov. 14, 2019)........................................... 8-9

*Silverman v. Motorola Sols., Inc.,*
739 F.3d 956 (7th Cir. 2013) .............................................................................................6

*Steinfeld v. Discover Fin. Servs.*,
2014 WL 1309352 (N.D. Cal. Mar. 31, 2014)....................................................................9

*St. Louis Heart Ctr., Inc. v. Vein Ctrs. for Excellence, Inc.*,
2013 WL 6498245 (E.D. Mo. Dec. 11, 2013) ............................................................... 9-10

v

*Sutton v. Bernard*,
  504 F.3d 688 (7th Cir. 2007) .......................................................................................4, 7

*Teblum v. Physician Compassionate Care, LLC*,
  Case No. 2:19-cv-00403-M_M (M.D. Fla. Aug. 24, 2022).......................................... 10-11

*Tillman v. Ally Fin. Inc.*,
  2017 WL 7194275 (M.D. Fla. Sept. 29, 2017)....................................................................7

*Vergara et al. v. Uber Technologies, Inc.*,
  No. 15-cv-6942, Dkt. 111 (N.D. Ill. 2018) ..........................................................................2

*Williams v. Rohm & Haas Pension Plan*,
  2010 U.S. Dist. LEXIS 121648 (S.D. Ind. Nov. 12, 2010) ................................................2, 12

*Wright v. Nationstar Mtg. LLC,*
  2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ..................................................................... 7-8

## I.    BACKGROUND

On April 18, 2023, Plaintiff initiated this class action under the Telephone Consumer Protection Act ("TCPA"). [DE 1]. On June 12, 2023, Defendant filed its Answer and Affirmative Defenses. [DE 6].  Discovery in the case was conducted over the course of over a year, including written discovery, subpoenas to non-parties, a motion to compel discovery, [DE 19], an enforcement proceeding against Defendant's text messaging vendor, *see* [DE 30], party and non-party depositions, and expert reports and depositions, all of which culminated in the filing of Plaintiff's Motion for Class Certification, [DE 35]. The parties mediated the case on March 22, 2024 and May 16, 2025 with the Honorable Patrick J. Walsh (Ret.), but were unable to reach an agreement. After the second mediation, the parties continued their negotiations over the course of several weeks and were ultimately able to reach the proposed Settlement.

Class Counsel's efforts resulted in a $2,000,000 non-reversionary Settlement Fund for payment of the 19,280 Class Members' claims. As compensation for the benefit conferred upon the Settlement Class, Class Counsel respectfully request an award of attorneys' fees of $666,666, which represents 33% of the Settlement Fund. Class Counsel's request is supported by a lodestar cross-check. Specifically, as outlined in the attached declarations of Manuel S. Hiraldo and Michael Eisenband, Class Counsel's total lodestar is $247,130, which equates to a multiplier of approximately 2.69. *See* Declaration of Manuel S. Hiraldo at ¶19; Declaration of Michael Eisenband at ¶ 16.

The fact that the lodestar approach produces a multiplier of approximately 2.69 is "a factor supporting the reasonableness of the fee request, given that courts have approved multipliers of five or more." *Domann v. Summit Credit Union*, No. 18-cv-167-wmc, 2020 U.S. Dist. LEXIS 64152, at *7 (W.D. Wis. Apr. 13, 2020)(Conley, J.)(citing *Johnson v. Meriter Health Servs.*

1

*Employee Ret. Plan*, No. 10-CV-426-WMC, 2015 U.S. Dist. LEXIS 158859, 2015 WL 13546111, at \*6 (W.D. Wis. Jan. 5, 2015) (approving attorney fee request of twice the lodestar value); *Williams v. Rohm & Haas Pension Plan*, No. 04-0078-SEB, 2010 U.S. Dist. LEXIS 121648, 2010 WL 4723725 (S.D. Ind. Nov. 12, 2010), *aff'd*, 658 F.3d 629 (7th Cir. 2011) (awarding fees of $43.5 million, representing 5.85 multiplier)); *see also Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998)("the district court must award a [positive] multiplier when attorney's fees are contingent upon the outcome of the case (i.e., there is the possibility that the attorney will not receive any fee"); *In re Linerboard Antitrust Litig.*, No. 98-5055, 2004 WL 1221350, at \*14 (E.D. Pa. Jun. 2, 2004) (from 2001 to 2003, the average multiplier approved in common fund cases was 4.35).

Class Counsel respectfully submit that the fee request should be approved because (1) it represents the market rate for this type of TCPA settlement, and (2) represents a reasonable and appropriate amount in light of the substantial risks presented in prosecuting this action, the quality and extent of work conducted, and the stakes of the case. Class Counsel additionally seek reimbursement of their out-of-pocket costs of $22,179.57 incurred in prosecuting the case. Lastly, Class Counsel respectfully move the Court for an award of $7,500 to Plaintiff for her work and efforts on behalf of the Class.

## II.   SUMMARY OF THE SETTLEMENT

The proposed Settlement establishes a Settlement Class of 19,280 individuals and is defined as follows:

> All persons in the United States who, during the four years prior to the filing of this case (1) received more than one text message from Defendant during any 12-month period; (2) which was transmitted by Defendant utilizing the Call Loop, Inc., texting software; (3) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; (4) whose

2

number was listed on the National Do-Not-Call Registry when the messages were received; and (5) who did not re-opt in to receive text messages prior to receipt of the text messages.

Pursuant to the Settlement, Defendant has agreed to deposit $2,000,000 into a non-reversionary fund.  Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline shall be sent a Claim Settlement Check for their *pro rata* share (Net Settlement Fund divided by number of Settlement Class Claimants) from the remaining amount in the Gross Settlement Fund after deductions for Attorneys' Fees, all Notice and Administration Costs, and any Service Awards.

Any Settlement Claim Checks that (i) remain uncashed after ninety (90) days from issuance, or (ii) are returned as undeliverable, shall be redistributed on a pro-rata basis to Settlement Class Members who cashed their previously sent Claim Settlement Check. If any amounts remain 180 days from issuance of this second distribution, the Parties shall seek Court approval of a *cy pres* award to a nonprofit charitable organization.

## III.    LEGAL STANDARD

The Seventh Circuit requires courts to determine class action attorneys' fees by "[d]oing their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mkt. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (collecting cases). In this context, "at the time" is at the start of the case. In other words, the Court must "estimate the terms of the contract that private plaintiffs would have negotiated with their lawyers, had bargaining occurred at the outset of the case (that is, when the risk of loss still existed)." *Id.* That is so because "[t]he best time to determine this rate is the beginning of the case, not the end (when hindsight alters of the perception of the suit's riskiness,

3

and sunk costs make it impossible for the lawyers to walk away if the fee is too low). This is what happens in actual markets." *Id.*

The "common fund" doctrine applies where, as here, litigation results in the recovery of a certain and calculable fund on behalf of a group of beneficiaries. The Supreme Court and the Seventh Circuit have long recognized that when counsel's efforts result in the creation of a common fund that benefits the plaintiff and unnamed class members, counsel should be compensated from that fund for their successful efforts in creating it. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] lawyer who recovers a common fund … is entitled to a reasonable attorneys' fee from the fund as a whole."); *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) ("[T]he attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit.").

However, "[t]he Seventh Circuit is agnostic regarding which approach district courts should choose, and no Seventh Circuit case law suggests that a percentage-of-the-fund approach will yield a reasonable result only where it satisfies a lodestar cross-check." *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015). "While it is within the court's discretion to use either the lodestar method or percentage method in awarding attorneys' fees and costs for a class action…this court typically considers both." *Domann v. Summit Credit Union*, No. 18-cv-167-wmc, 2020 U.S. Dist. LEXIS 64152, at *5 (W.D. Wis. Apr. 13, 2020)(Conley, J.).

When using the lodestar method, it is appropriate to use a multiplier. For example, a lodestar multiplier of 2.3 or higher is "well within the band of lodestar multipliers accepted within the Seventh Circuit." *Holloway v. Kohler Co. & Kohler Co. Pension Plan*, No. 23-CV-1242-JPS, 2024 U.S. Dist. LEXIS 224886, at *7-8 (E.D. Wis. Dec. 12, 2024)(quoting *In re Advoc. Aurora Health Pixel Litig.*, No. 22-CV-1253-JPS, 2024 WL 3357730, at *19 (E.D. Wis.

4

July 10, 2024) (citing *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 943 (N.D. Ill. 2022)).

IV.    **ARGUMENT**

A.    <u>**The Requested Fee is Reasonable**</u>

As discussed below, the requested fee award of one-third of the total Settlement Fund is consistent with the market rate as reflected by the fees approved by judges in this Circuit in other TCPA class cases, considering the risks of non-payment, the quality and extent of Class Counsel's work on behalf of the Settlement Class, and the overall stakes of the case. Moreover, a lodestar cross-check confirms the reasonableness of the fee given that it results in a multiplier that is within the acceptable range.

i.    *The Market Rate for TCPA Class Actions Supports Awarding the Requested Fee*

"As the Seventh Circuit has held, attorney's fee awards in analogous class action settlements shed light on the market rate for legal services in similar cases." *Kolinek*, 311 F.R.D. at 501. Here, similar TCPA class actions show that the market rate for such cases is 33-36% of the settlement fund. *See, e.g., Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 202 (N.D. Ill. 2018) ("an award of 33.3% of the estimated net fund is reasonable and in line with the market."); *Charvat v. Valente*, No. 12-cv-05746, 2019 U.S. Dist. LEXIS 187225, at *38 (N.D. Ill. Oct. 28, 2019)("Therefore, the Court finds that a 33.99% attorneys' fee award reflects the market rate and takes into account the risk of nonpayment."); *Jewell v. HSN, Inc.*, No. 19-cv-247-jdp, 2020 U.S. Dist. LEXIS 150034 (W.D. Wis. Aug. 18, 2020)("Class Counsel's request for an award of attorneys' fees of 35 percent of the Settlement Fund, after deducting class notice and administration costs of $11,599.78, Class Counsel's reasonable litigation costs and expenses, and Plaintiff's incentive award, is approved."); *In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781 (N.D.

Ill. Feb. 15, 2015)(awarding 36% of common fund in fees for the first $10,000,000 of TCPA settlement); *Vergara et al. v. Uber Technologies, Inc.*, No. 15-cv-6942, Dkt. 111 (N.D. Ill. 2018) (awarding 36% of first $10 million); *Aranda v. Caribbean Cruise Line, Inc.*, No. 12-cv-4069, 2017 WL 1369741, at *9 (N.D. Ill. Apr. 10, 2017) (same); *Kolinek*, 311 F.R.D. at 502-03 ("The Court therefore finds that the market rate for legal services in this TCPA consumer class action, based on the degree of effort the attorneys would need to put in, the likelihood of success, and the risks associated with undertaking class representation, was 36 percent."); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12–cv–215, 2014 WL 9913504, at *3 (N.D. Ill. Jan. 16, 2014) (awarding approximately 36.3% of common fund).

Accordingly, Class Counsel respectfully submit that the requested fee of 33% of the Settlement Fund is reasonable, consistent with market rates, and should be approved.

### ii. Class Counsel Faced a Significant Risk of Non-Payment

When deciding the appropriate fee, courts should consider "the risk that class counsel assumed by undertaking class representation. Risk is necessarily a factor in determining the price class counsel would have charged in arm's length *ex ante* negotiations." *Kolinek*, 311 F.R.D. at 502. "Contingent fees compensate lawyers for the risk of nonpayment. The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel." *Silverman v. Motorola Sols., Inc.,* 739 F.3d 956, 958 (7th Cir. 2013). For instance, "if the market-determined fee for a sure winner were $1 million the market-determined fee for handling a similar suit with only a 50 percent chance of a favorable outcome should be $2 million." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 746 (7th Cir. 2011).

"[T]he need for such [a risk] adjustment is particularly acute in class action suits [because] [t]he lawyers for the class receive no fee if the suit fails, so their entitlement to fees is inescapably

contingent." *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). As such, "a risk multiplier is not merely available in a common fund case but mandated, if the court finds that counsel had no sure source of compensation for their services." *Id.*; *see also Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007).

Here, Class Counsel and Plaintiff faced a number of hurdles and uncertainty both on the merits and class certification. First, with respect to the merits, the relevant regulation, 47 C.F.R. § 64.1200(d), requires Plaintiff to show that Defendant did not have any of the procedures and employee training required under that section of the regulation. Throughout the case, Defendant argued that it had in fact complied with the regulation, but a configuration error in its software resulted in opt-out requests by Plaintiff and the Class Members not being implemented across various text message campaigns. Accordingly, Plaintiff and the Class Members faced a real risk of the Court ultimately holding that the alleged violations were not the result of failing to comply with the regulation, but merely an error.

Second, some courts have refused to certify similar TCPA class actions because the determination of whether someone revoked consent to be called and/or re-opted in can be difficult to establish on a uniform basis. *See, e.g.*, *Tillman v. Ally Fin. Inc.*, No. 2:16-CV-313-FTM-99CM, 2017 WL 7194275, at *7 (M.D. Fla. Sept. 29, 2017) ("Moreover, plaintiff fails to demonstrate how consent (or lack thereof) can be established through class-wide proof, as Ally has offered evidence that it is common for customers to revoke consent and then reinstate it."); *Lanteri v. Credit Protection Ass'n L.P.*, No. 13-cv-01501, 2017 WL 3621299, at *4 (S.D. Ind. Aug. 22, 2017) ("The Court, then, must determine whether each of the text messages listed in the TCPA Stop Texting Class definition and the message sent by the Plaintiff constitute revocations of consent. For this reason, revocation of consent will not be proved or disproved on evidence and theories applicable

7

to the proposed class as a whole. Rather, whether revocation occurred in each instance depends on whether a particular text message is a reasonable revocation."); *accord Wright v. Nationstar Mtg. LLC,* 2016 WL 4505169, at *9 (N.D. Ill. Aug. 29, 2016) ("This consent defense would have posed a serious obstacle to class certification, because the defense would have presented manageability concerns.").

Finally, it is highly unlikely that this matter would have concluded in the near future, absent settlement. Indeed, over the course of two years, Defendant demonstrated its ability and intent to fight both liability and damage-related issues through summary judgment, trial, and appellate proceedings. Thus, the costs and expenses associated with continued litigation would have been high, and the wait long. *Accord Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("The costs associated with discovery in complex class actions can be significant.").

In sum, Plaintiff faced a number of risks outside of her control, several of which could have put a complete end to this matter. These risks made the legal landscape in which Plaintiff litigated this matter extraordinarily uncertain. Consequently, at the beginning of this matter, and throughout the litigation that followed, Class Counsel faced an undeniable risk of nonpayment.

### iii.   Class Counsel Achieved a Favorable Result for the Class

Notwithstanding the significant hurdles that stood in the way, Class Counsel obtained a very favorable result for Plaintiff and the Class Members. In particular, the approximately $103 per class member settlement value far exceeds the value of many TCPA settlements in this Circuit and other circuits. *See, e.g., Leung*, 326 F.R.D. at 196 ($22.51 per class member); *Johnson v. Navient Solutions, Inc.*, No. 1:15-CV-0716-LJM, ECF No. 177 (S.D. Ind. July 13, 2017) (less than $50 per class member); *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, No. 16-CV-488-SMY-RJD, 2017 WL 5724208, at *1 (S.D. Ill. Apr. 26, 2017) ($42.46 per class member);

*Kolinek*, 311 F.R.D. at 493 ($1.20 per class member); *In re Capital One*, 80 F. Supp. 3d at 789 ($4.31 per class member); *see also Sheean v. Convergent Outsourcing, Inc.*, No: 2:18-cv-11532-GCS-RSW, at *3 (E.D. Mich. Nov. 14, 2019) ($10.60 per class member); *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. Dec. 4, 2017) ($7.97 per class member); *Ott v. Mortg. Investors Corp. of Ohio, Inc.*, 2016 WL 54678, at *1 (D. Or. Jan. 5, 2016) ($2.10 per class member); *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-cv-1290, 2013 WL 444619, at *7 (S.D. Cal. Feb. 5, 2013) ($2.90 per class member); *Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014)(approving TCPA class settlement where claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31, 2014) (less than $50 per TCPA claimant); *Arthur v. Sallie Mae, Inc.*, 10–CV198–JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) ($20-$40 per participating class member); *Agne v. Papa John's Int'l, et al.*, No. 2:10-cv-01139, ECF No. (W.D. Wash.) ($50 recovery plus $13 merchandise per claimant); *Cubbage v. The Talbots, Inc. et al.*, No. 2:09-cv-00911, ECF No. 114 (W.D. Wash.) ($40 or $80 merchandise certificate per claimant).

The recovery here greatly exceeds class member recoveries in the vast majority of TCPA class actions. Accordingly, Class Counsel respectfully submit that this factor weighs in favor of awarding the requested fees.

### iv.    *The Stakes of this Case Support Class Counsel's Fee Request*

The stakes of this case were significant. Defendant faced a class action lawsuit for which it ultimately agreed to pay $2,000,000 to resolve. Thousands of unnamed class members faced the risk of no recovery. And Class Counsel not only faced the risk of non-payment for their work in litigating this matter, but the "opportunity costs of turning down other lucrative clients." *Heekin v.*

9

*Anthem, Inc.*, No. 1:05-cv-01908-TWP-TAB, 2012 WL 5878032, at *5 (S.D. Ind. Nov. 20, 2012); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2008 WL 11234103, at *2 (N.D. Ga. Mar. 4, 2008) ("[S]ubstantial and concentrated time investment by plaintiffs' counsel would tend to preclude other lucrative opportunities, thus warranting a higher percentage of the fund.").

As a result of Class Counsel's efforts, Class Members will receive damages that they may not have pursued on their own given the absence of a fee shifting provision in the TCPA. *See, e.g., Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Ctr., Inc. v. Vein Ctrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that class members have an interest in individually controlling the prosecution of separate actions). In other words, the settlement provides Class Members significant monetary relief they would likely never have pursued on their own.

Given the foregoing, an attorneys' fee award of $666,666—33% of the common fund—is justified as confirmed by a lodestar cross-check discussed below.

### v.  *A Lodestar Cross-Check Confirms that the Requested Fee is Reasonable*

The Seventh Circuit has held that "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743–44 (7th Cir. 2003). An "attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." *Id*. As noted by one district court in Florida when discussing Class Counsel,

10

"Plaintiff's counsel has substantial experience in consumer protection collective actions." *Teblum v. Physician Compassionate Care, LLC*, Case No. 2:19-cv-00403-M_M, [DE 92], at 26 (M.D. Fla. Aug. 24, 2022).

Accordingly, while Class Counsel have typically requested and been awarded fees as a percentage of the fund, in the instances where a lodestar was requested by a court for a cross-check, courts found a rate of $750/hr for Mr. Hiraldo and $725/hr for Mr. Eisenband to be acceptable, *see Johnson v. Moss Bros. Auto Group, Inc.*, Case No. 5:19-cv-02456-FMO-SP, [DEs 136-3, 143] (C.D. Cal. June 24, 2022), and $650/hr to be reasonable for Mr. Hiraldo, *see Eisenband v. John C. Heath*, Case No. 1:18-cv-24407-AMC, [DEs 67-4, 71] (S.D. Fla. Apr. 16, 2020). Adjusting the rates to account for the current market and the time that has passed since those cases were decided, and based on the experience of Class Counsel, the undersigned respectfully submit that the requested rates of $850/hr for Mr. Hiraldo and $750/hr for Mr. Eisenband are reasonable.

Moreover, the Seventh Circuit has held that "the district court must award a multiplier when attorney's fees are  contingent upon the outcome of the case (i.e., there is the possibility that the attorney will not receive any fee)." *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998); *see also In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992)("The need for such an adjustment is particularly acute in class action suits. The lawyers for the class receive no fee if the suit fails, so their entitlement to fees is inescapably contingent.")*; Florin*, 34 F.3d at 565 ("[A] risk multiplier is not merely available in a common fund case but mandated, if the court finds that counsel had no sure source of compensation for their services.") (citation and quotation marks omitted);

As noted above, this Court has stated that a multiplier of five or more is within the bounds permitted by the Seventh Circuit. *Domann v. Summit Credit Union*, No. 18-cv-167-wmc, 2020

11

U.S. Dist. LEXIS 64152, at *7 (W.D. Wis. Apr. 13, 2020)(Conley, J.)(citing *Johnson v. Meriter Health Servs. Employee Ret. Plan*, No. 10-CV-426-WMC, 2015 U.S. Dist. LEXIS 158859, 2015 WL 13546111, at *6 (W.D. Wis. Jan. 5, 2015) (approving attorney fee request of twice the lodestar value); *Williams v. Rohm & Haas Pension Plan*, No. 04-0078-SEB, 2010 U.S. Dist. LEXIS 121648, 2010 WL 4723725 (S.D. Ind. Nov. 12, 2010), *aff'd*, 658 F.3d 629 (7th Cir. 2011) (awarding fees of $43.5 million, representing 5.85 multiplier)).

Here, a cross-check review of the fee requested demonstrates that it is reasonable. First, the hourly rates requested by Class Counsel are not excessive based on what has been previously awarded by courts in similar TCPA matters, adjusting for current market rates. Second, the time expended was reasonable as detailed in the declarations of Class Counsel and resulted in a very favorable settlement for the Class. Third, a multiplier of approximately 2.69 is well within the acceptable range. Class Counsel therefore respectfully request for this Court to find that the requested fee is reasonable in light of this lodestar cross-check.

### B. Plaintiff's Request for a $7,500 Incentive Award is Appropriate and Justified

Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.,* 264 F.3d at 722-23 (citations omitted). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Here, Plaintiff has been an active participant in this matter, reading all pertinent filings and frequently communicating with Class Counsel. *See* Hiraldo Decl. at ¶ 5. Furthermore, she agreed, prior to initiating her claims, not to advance her individual interests over or to the detriment of the interests of the Class. *Id.*

12

For these reasons, Plaintiff seeks an incentive award of $7,500. This amount is in line with incentive awards provided by district courts in other similar matters. *See Johnson*, No. 1:15-CV-0716-LJM, at ECF No. 177 (awarding $25,000 incentive award to one named plaintiff and $5,000 incentive awards to the other two named plaintiffs); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 CV 2898, 2012 WL 651727, at *16-17 (N.D. Ill. Feb. 28, 2012) (awarding $25,000 incentive awards to each of the seven named plaintiffs); *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-CV-00130-PJK, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015) ($20,000 incentive award to a named TCPA plaintiff from a $1 million common fund); *Prater v. Medicredit, Inc.*, No. 4:14-cv-00159-ERW, 2015 U.S. Dist. LEXIS 167215, at *11 (E.D. Mo. Dec. 7, 2015)($20,000 incentive award to a named TCPA plaintiff from a $6.75 million common fund)

### C. Class Counsel's Request for Reimbursement of Litigation Costs and Expenses is Appropriate and Justified

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of . . . reasonable litigation expenses from that fund." *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 519 (W.D. Pa. 2003). Here, to date, class counsel has incurred $22,179.57 in costs and expenses in connection with this matter, which are for the filing fee for the complaint, service of process, mediation, deposition costs, and expert fees. *See* Hiraldo Decl. at ¶ 26 (detailing litigation costs incurred); Eisenband Decl. at ¶ 13 (same).

Importantly, the categories of expenses for which class counsel seek reimbursement are the type of expenses routinely charged to paying clients in the marketplace and, therefore, are properly reimbursed under Rule 23. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (awarding as reasonable and necessary, reimbursement for "1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and

13

investigators; and 9) mediation fees"); *see also* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.").

Thus, this Court should, respectfully, approve Class Counsel's reimbursement for litigation costs and expenses incurred in this matter.

## V.    CONCLUSION

Plaintiff Jan Summerton respectfully requests for this Court to: (1) grant Class Counsel attorneys' fees of $666,666; (2) grant costs of $22,179.57; and (3) award Plaintiff a service award of $7,500.

**WHEREFORE**, Plaintiff respectfully requests an Order granting the instant Motion, and for such other relief deemed appropriate under the circumstances.

Dated: January 31, 2026

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff and the Class*

**EISENBAND LAW, P.A.**

*/s/Michael Eisenband*
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Counsel for Plaintiff and the Class*

14

**CERTIFICATE OF CONFERRAL**

I hereby certify that I conferred with counsel for Defendant and that Defendant does <u>not</u> oppose this Motion.

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo

**CERTIFICATE OF SERVICE**

This document was served on counsel for all parties when filed through the Court's CM/ECF system on January 31, 2026.

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo

15